UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jubal Aiden Sweeten, Plaintiff<br><br>vs.<br><br>Fox Towing and Truck Service, Inc.;<br>Paul O. Fox, Jr.; and Drew Fox,  Defendants | Case No. 3:20-CV-527<br><br>Judge<br><br>Plaintiff's Complaint for damages |

The Plaintiff says for his Complaint:

## JURISDICTION

1. This Court has jurisdiction because the Plaintiff's claim for relief arises under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. ("the Act").  Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b).

2. This Court has supplemental jurisdiction over the related state law based wage claims under 28 U.S.C. §1367(a).

3. Venue is appropriate in this Court because while the Defendants maintain principal places of business in Ohio's Clinton and Montgomery Counties, the acts complained of took place primarily at or near 2828 Springboro Pike, Dayton, in Montgomery County.

## PARTIES

4. The named plaintiff, Jubal Aiden Sweeten, is an individual, a United States Citizen, and a resident of the state of Ohio.  He worked for one or more of the defendants for at least seven years, most recently in August of 2020.

5. At all times while working for any of the defendants, Mr. Sweeten was an employee, as defined by the Act at 29 U.S.C. §203(e)(1).

6. The defendant Fox Towing and Truck Service, Inc. is an Ohio corporation for profit with locations in Clinton and Montgomery counties. It employs more than five (5) full time employees. It is organized under the laws of the United States, and it is engaged in the business of servicing and repairing automobiles, trucks, and other motorized vehicles.  It is an "employer" under the Act.

7. The defendant Paul O. Fox, Jr., is an individual, a resident of Warren County, Ohio, and is an agent, officer, manager, or director of Fox Towing.

8. Paul Fox sets and controls payroll practices including the regular rates, scheduling, and payment of wages to employees of Fox Towing. He is an "employer" under the Act.

9. Drew Fox is an individual, a resident of Montgomery County, Ohio, and is an agent, officer, manager, or director of Fox Towing.

10. Drew Fox sets and controls payroll practices including the regular rates, scheduling, and payment of wages to employees of Fox Towing. He is an "employer" under the Act.

11. During the past three years, the defendants have sold goods and performed services that have had an affect on interstate commerce.

## FLSA UNPAID OVERTIME CLAIM

12. Complaint paragraphs 1-11 incorporated by reference.

13. During the three years preceding the filing of this Complaint, at least one of the Defendants employed Mr. Sweeten.

14. Mr. Sweeten's rate of pay was regularly stated in terms of both an hourly wage and as am additional commission.

15. The Defendants paid Mr. Sweeten by paycheck every two weeks.

16. The hours Mr. Sweeten worked for each work week were not recorded on any pay stub, nor were the hours he worked while generating commissions identified or recorded on any pay stub.

17. Paul Fox and Drew Fox together set the policy and procedures for assigning work hours and calculating the weekly pay of all company employees, including Mr. Sweeten.

18. Paul Fox and Drew Fox knew or should have known of the overtime payment requirements of the Act.

19. During the three years preceding the date of this complaint, Fox Towing, Paul Fox, and Drew Fox have all knowingly and wilfully failed to pay Mr. Sweeten the overtime wages he was due.

20. During the past three years, Paul Fox and Drew Fox knowingly and wilfully directed Fox Towing and Service to pay Mr. Sweeten wages that were insufficient under the Act.

21. Throughout his employment by the defendants, Mr. Sweeten was engaged in services and duties essential to the movement of goods in interstate commerce.

22. At various times while he was employed by the defendants in the three years preceding the filing date of this complaint, Mr. Sweeten had worked, suffered, or been permitted to work in excess of forty (40) hours per week without compensation at the overtime rate of one and one half times his regular hourly pay for the weekly hours he worked in excess of forty.

23. Paul Fox, Drew Fox, and Fox Towing, themselves, and through their owners, agents, employees and officers, have willfully and knowingly failed to pay Mr. Sweeten the overtime wages he was due for all the hours he worked in excess of forty in any given workweek during the three years preceding the filing of this complaint.

24. None of the job duties Mr. Sweeten had in the three years preceding the filing date of this complaint made him exempt him from the overtime pay requirements of the Act.

25. As a result of the unlawful conduct on the part of Paul Fox, Drew Fox, and Fox Towing, Mr. Sweeten has suffered and continues to suffer money damages in an amount not presently ascertainable with certainty, but to which he is nonetheless entitled.  Mr. Sweeten seeks back wages due to him, liquidated damages in the same amount as the back wages, post judgment interest, and mandatory attorney's fees as a result of the Defendants' willful failure and refusal to pay overtime wages in violation of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

### STATE LAW BASED UNPAID OVERTIME CLAIM

26. Complaint paragraphs 1-25 incorporated by reference.

27. The defendants' repeated and knowing failures to pay overtime wages to Mr. Sweeten were, and continue to be, violations of Section 4111.03 of the Ohio Revised Code.

28. For the defendants' violations of ORC 4111.03, Mr. Sweeten is entitled to recover unpaid wages, post judgement interest, and attorney's fees.

UNPAID FRINGE BENEFIT PAYMENTS

29. Complaint paragraphs 1-28 incorporated by reference.

30. As a direct result of the defendants' failure to pay Mr. Sweeten all the wages to which he was entitled, the defendants also failed to pay to the proper government authorities the lawfully required health, welfare, retirement benefit, and payroll tax payments related to Mr. Sweeten's wages.

31. Mr. Sweeten demands that while paying him the back wages due to him, the defendants pay the associated Social Security contributions, unemployment compensation, federal payroll taxes, and medicare payments they are obligate to pay on his behalf.

WHEREFORE, Mr. Sweeten demands relief in the following manner:

a) Judgement for Mr. Sweeten against all the defendants, jointly and severally, on the basis of the defendants' willful violations of the federal Fair Labor Standards Act and Ohio Revised Code Section 4113.03;

b) an award of actual and compensatory damages in the amount shown to be due for unpaid overtime compensation, plus applicable post-judgment interest at the Ohio statutory rate, payable by the defendants, jointly and severally;

c) an award of liquidated damages in the amount calculated under part b) above, before interest charges payable by the defendants, jointly and severally;

d) an Order directing the defendants, jointly and severally, to pay the social security payments, employee payroll tax withholding amounts, and medicare contributions associated with the unpaid wage amounts;

e) an Order directing defendants, jointly and severally, to pay plaintiffs' reasonable attorney fees and the costs of this action; and

f)     such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

_____
James P. Langendorf (0068807)
Trial Attorney for the Plaintiff
Hurley Law Firm, LLC
301 N. Breiel Blvd.
Middletown, Ohio 45042
513-705-9000
513-705-9001 (fax)
